FOR COURT USE ONLY

**IN THE MATTER OF:**

**Michael S. Wilson**

S.S.#___xxx-xx-2630_____
and
**Laureen Marie Wilson**

CASE NO. **10-41174**

S.S.#___xxx-xx-7207_____      Debtor(s)      CHAPTER 13

_____/

**CHAPTER 13 PLAN**

[ **X** ] Original **_OR_** [ ] Modification # _____      [ ] pre-confirmation **_OR_** [ ] post-confirmation

I.   **PLAN PAYMENTS & DISBURSEMENTS**
This is the debtor's(s') latest Chapter 13 Plan. The following Classes of claims are established for payment from funds available by the Trustee except those identified as "direct payments" as indicated herein.

A.   The debtor shall make payments in the amount of **$520.00 Monthly** for **60** months (frequency). **Effective February 1, 2011, the debtors' Chapter 13 plan payments shall increase to $982.71 per month due to the payment in full of the 401(k) loan. Effective December 1, 2013, the debtors' Chapter 13 plan payments shall increase to $1,282.71 per month due to the payment in full of the vehicle loan. The applicable commitment period is 60 months.**

B.   Plan length: **_60_** months, commencing on the date of entry of the Order Confirming Plan, which shall also be the effective date of the Plan. The Trustee is hereby authorized to automatically adjust the Plan length an additional six (6) months to accomplish the purposes of this Plan, but in no event shall this Plan last more than five years.

C.   Debtor commits 100% of all tax refunds received or entitled to after commencement of the case, and shall not alter any withholding deductions/exemptions without Court approval.

D.   Treatment of claims
1.   Class One - Administrative Expenses
a.   *Trustee fees* as determined by statute.

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

b.       *Adequate Protection Payments.*

c.       *Attorney fees and costs*: Attorney shall be paid upon entry of an Order authorizing attorney fees and costs, after application to the Court.  If fees and costs are awarded, Counsel shall be paid by the Trustee as a Class One – Administrative Expense.

2.       Class Two - Continuing Claims:   These secured claims on which the last payment is due beyond the length of the Plan [11 U.S.C. §1322(b)(5)].  To the extent such claims are non-modifiable pursuant to 11 U.S.C. § 1322(b)(2), the Trustee shall adjust the monthly payment to such creditors upon compliance by the creditor with E.D. Mich. LBR 3001-2 and the debtor shall increase Plan payments as needed for such compliance.

a.       Post-Confirmation

| Creditor/Collateral | Monthly Payments |
|---|---|
| **Fifth Third residence 1441 Birmingham Blvd. Birmingham, MI 48009** | **-NONE-** **The lien of Fifth Third shall be stripped inasmuch as the value of the collateral is insufficient to support a secured claim.  This claim shall be treated as a Class 8 general unsecured claim in its entirety.** **An adversary proceeding to strip the lien will be filed under 11 U.S.C. §§ 1322(b)(2) and 506(a).** |
| **Wachovia residence 1441 Birmingham Blvd. Birmingham, MI 48009** | **2,368.35** **\*This claim will be paid directly by the debtors for the reason that payments are current.\*** |
| **Liberty Savings Bank, FSB investment property 1722 Bainsbridge St. Howell, MI 48855** | **-NONE-** **\*This claim will be satisfied in full via the surrender or abandonment of 1722 Bainsbridge St., Howell, Michigan.\*** |
| **Nationstar investment property 355 Baldwin Pontiac, MI 48342** | **-NONE-** **\*This claim will be satisfied in full via the surrender or abandonment of 355 Baldwin, Pontiac, Michigan.\*** |

*Model Plan Version 2.0 - 05/01*
2

| Creditor/Collateral | Monthly Payments |
|---|---|
| **Ocean Resort Villas Master Association**<br>**time share**<br>**1/104 undivided interest in 6457/58 Ocean Resort Villas**<br>**North, Maui, Hawaii** | **-NONE-**<br>**\*This claim will be**<br>**satisfied in full via the**<br>**surrender or**<br>**abandonment of 1/104**<br>**undivided interest in**<br>**6457/58 Ocean Resort**<br>**Villas North, Maui,**<br>**Hawaii.\*** |
| **SVO Pacific, Inc.**<br>**time share**<br>**1/104 undivided interest in 6457/58 Ocean Resort Villas**<br>**North, Maui, Hawaii** | **-NONE-**<br>**\*This claim will be**<br>**satisfied in full via the**<br>**surrender or**<br>**abandonment of 1/104**<br>**undivided interest in**<br>**6457/58 Ocean Resort**<br>**Villas North, Maui,**<br>**Hawaii.\*** |
| **Town Commons Condo Association**<br>**investment property**<br>**1722 Bainsbridge St.**<br>**Howell, MI 48855** | **-NONE-**<br>**\*This claim will be**<br>**satisfied in full via the**<br>**surrender or**<br>**abandonment of 1722**<br>**Bainsbridge St.**<br>**Howell, Michigan.\*** |

b.    Post-Petition/Pre-Confirmation Arrears- (TO BE PAID IN FIRST 12 MONTHS):

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Time to Cure |
|---|---|---|---|---|
| **-NONE-** | | | | |

3.    Class Three - Executory Contracts and/or Unexpired Leases [11 U.S.C. §1322(b)(7) and 11 U.S.C. §365]

    a.    Continuing, Post-Petition Obligations:

| Creditor/Collateral | Assume/ Reject/ Assign? | If assumed, regular payment per month | Lease/Contract expiration date |
|---|---|---|---|
| **-NONE-** | | | |

    b.    Pre-Petition Obligations:

| Creditor/Collateral | If assumed, amount of Default | If assumed, number of months to cure from confirmation date + interest rate | If assumed, monthly payment on cure |
|---|---|---|---|
| **-NONE-** | | | |

*Model Plan Version 2.0 - 05/01*

*3*

4. Class Four - Arrearage on Continuing Claims [11 U.S.C. §1322(b)(5)]
Pre-Petition Arrears:

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Number of months to cure from confirmation date |
|---|---|---|---|---|
| -NONE- | | | | |

5. Class Five - Other Secured Claims:  Secured claims other than those listed in Classes Two and Four on which the last payment will become due within the Plan duration.

   a. Purchase Money Security Interests In Personal Property.  Secured claims other than those listed in Classes Two, Four, and Five b. on which the last payment will become due within the Plan duration.

| Creditor/Collateral | "Crammed down" [11 U.S.C. 1325(a)(5)] or modified [11 U.S.C. 1322(b)(2)] Indicate Which | Market Value | Interest Rate | Monthly Payment (Incl. Interest) | Total to Pay (Incl. Interest) | Number of months from confirmation date |
|---|---|---|---|---|---|---|
| **Oakland Catholic Credit Union** **2005 Chrysler Pacifica** | **This claim will be paid directly by the debtors for the reason that payments are current.** | **0.00** | **per contract** | **300.00 (per contract)** | **per contract** | **48 (per contract)** |

   b. Other Secured Claims.

| Creditor/Collateral | "Crammed down" [11 U.S.C. 1325(a)(5)] or modified [11 U.S.C. 1322(b)(2)] Indicate Which | Market Value | Interest Rate | Monthly Payment (Incl. Interest) | Total to Pay (Incl. Interest) | Number of months from confirmation date |
|---|---|---|---|---|---|---|
| **City of Birmingham residence** **1441 Birmingham Blvd.** **Birmingham, MI 48009** | **Modified** | **325,000.00** | **12%** | **21.92** | **1,314.92** | **60** |

6. Class Six - Priority Unsecured Claims [11 U.S.C. §1322(a)(2)]

   a. Non-Assigned Domestic Support Obligations [11 U.S.C. § 1322(a)(2)]

| Creditor | Amount | Interest Rate |
|---|---|---|
| -NONE- | | |

   b. Assigned Domestic Support Obligations [11 U.S.C. § 1322(a)(4)]

| Creditor | Amount | Interest Rate |
|---|---|---|
| -NONE- | | |

*Model Plan Version 2.0 - 05/01*
*4*

c. <u>All Other Priority Unsecured Claims</u> [11 U.S.C. § 1322(a)(2)]

| Creditor | Amount | Interest Rate |
|---|---|---|
| **Internal Revenue Service** | **16,500.00** | **-NONE-** |
| **State of Michigan** | **425.00** | **-NONE-** |

7. <u>Class Seven - Special Unsecured Claims</u> shall be paid in full and concurrently with Class Eight General Unsecured Claims.

| Creditor | Amount | Interest Rate | Reason for Special Treatment |
|---|---|---|---|
| **-NONE-** | | | |

8. <u>Class Eight - General Unsecured Claims</u> shall be paid their pro rata share of **$27,374.64** with interest at the rate of **0.00** % per annum. This Plan shall provide either the amount stated or shall continue for the length stated, whichever will offer the greater dividend to general unsecured creditors in this class.

9. Other Provisions: None.

## II. GENERAL PROVISIONS

A. **THIS PLAN FOLLOWS THE TRUSTEE'S PLAN IN ALL RESPECTS, WITH THE EXCEPTION OF:**
I.A., I.D.1.c., I.D.2., I.D.8., II.F.1., II.F.3., II.F.4., II.G., II.H.2., II.I., II.J., II.N., and II.O.

B. **VESTING, POSSESSION OF ESTATE PROPERTY AND LIEN RETENTION**: Upon confirmation of the Plan, all property of the estate shall vest in the debtor [11 U.S.C. §1327(b)]. The debtor shall remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 U.S.C. §1306(b)]. All secured creditors shall retain the liens securing their claims unless otherwise stated.

C. **SURRENDER OR ABANDONMENT OF COLLATERAL**: Upon confirmation the automatic stay is lifted as to any collateral treated as surrendered or abandoned.

D. **PROHIBITION AGAINST INCURRING POST-PETITION DEBT**: While this case is pending, the debtor shall not incur a debt in excess of $1,000.00 without first obtaining approval from the Court.

E. **UNSCHEDULED CREDITORS FILING CLAIMS**: If a pre- or post-petition creditor is not listed in the Chapter 13 Schedules, but files a proof of claim, the Trustee is authorized to classify the claim into one of the existing classes under this Plan and to schedule the claim for payment within that class.

F. **PROOFS OF CLAIMS FILED AT VARIANCE WITH THE PLAN**: In the event that a creditor files a proof of claim that is at variance with the provisions of this Plan, the following method is to be employed to resolve the conflict:

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

1. Regarding claims for which the Plan does not propose a "cramdown" or modification, the proof of claim shall supersede the Plan as to the claim amount, percentage rate of interest, monthly payments, classification of the claim, percentage of interest on arrears, if any, but the proof of claim shall not govern as to the valuation of collateral. However, for any secured claim that is treated as an unsecured claim because its lien will be stripped, the claim shall be paid as a Class 8 general unsecured claim notwithstanding any variance among the filed claim, the Plan and the Schedules.

2. As to claims for which the Plan proposes a "cramdown" or modification, the proof of claim governs only as to the claim amount, but not with respect to any of the other aforementioned contractual terms.

3. If a holder of a claim files a proof of claim at variance with this Plan or related schedules, the Trustee shall automatically treat that claim as the holder indicated, unless provided otherwise by order of the Court. However, for any secured claim that is treated as an unsecured claim because its lien will be stripped, the claim shall be paid as a Class 8 general unsecured claim notwithstanding any variance among the filed claim, the Plan and the Schedules.

4. A proof of claim or interest shall be deemed filed under 11 U.S.C. §501 for any claim or interest that appears in Classes Two, Three, Four, Five, and Six of this plan, except a claim or interest that is disputed, contingent or non-liquidated and labeled as such in this plan. Unless otherwise ordered by the Court, Adequate Protection Payments shall not be paid to claims designated in Class 5.a. which do not meet the requirements under II.N.

**NOTE:** Debtor reserves the right to object to any claim.

G. **TAX RETURNS AND TAX SET-OFFS**: All tax returns which have become due prior to the filing of this Plan have been filed.

H. **DEBTOR ENGAGED IN BUSINESS**: [ ] If the box to the immediate left is "checked", the debtor is self-employed **AND** incurs trade credit in the production of income from such employment.
   1. 11 U.S.C. §1304(b) and (c) regarding operation of the business and duties imposed upon the debtor are incorporated herein by reference.

   2. The debtor shall comply with the provisions of E.D. Mich. LBR 3015-1(a)(8) unless the Court orders otherwise.

I. **ORDER OF PAYMENT OF CLAIMS**: Class One a. and b. claims shall be paid concurrently, then Class One c. claims shall be paid in advance of others, then Classes Two, Three, and Five a. in advance of all remaining classes, then Classes Four and Five b., then Class Six, unless the consent of a non-assigned domestic support claimant is not obtained, payments shall be made pursuant to 11 U.S.C. § 1322(a)(2), and then Classes Seven and Eight shall be paid as stated in each respective section. [E.D. Mich. LBR 3015-1(a)(5)]

J. **WORKSHEET**: The worksheet on a form available from the clerk's office, is required by E.D. Mich. LBR 3015-1(b)(2). It is attached hereto and incorporated herein by reference.

K. **CONFLICT OF DEBT AMORTIZATION**: If the amortization figures conflict with respect to those stated in Class 2b, Class 3, Class 4, and Class 5, the time to cure shall be paramount, and the Trustee shall make alterations to implement this statement.

L. **DEBTOR DUTY TO MAINTAIN INSURANCE**: Debtor shall maintain all insurance required by law and contract upon property of the estate and the debtor's property. After confirmation of this Plan, if the debtor fails to maintain full coverage collateral protection insurance as required above, any party in interest may submit an affidavit of default and in the event that the default is not cured within ten (10) days from the date of service of the affidavit upon the debtor, debtor's counsel and the Trustee, said party may submit an Order Granting Relief from the Automatic Stay as to the collateral to the Court along with a further affidavit attesting to the debtor's failure to cure. Said Order shall be granted without motion or hearing.

M. **ENTRY OF ORDERS LIFTING STAY**: Upon entry of Order Lifting Stay, no distributions shall be made to the secured creditor until such time as an amended claim is filed by such creditor.

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                        Best Case Bankruptcy

**N.** **ADEQUATE PROTECTION:** Pre-confirmation Adequate Protection in Chapter 13 for Creditors secured in personal property under 11 U.S.C. § 1326(a)(1)(c):

1.  Adequate Protection shall be paid to Purchase Money Security Interest Creditors in personal property provided:

    a.  Such Creditors have an allowed claim stating the current monthly contractual payment amount no less than Seven days prior to the initial date for confirmation, dismissal, or conversion.

    b.  The debt to the Creditor is listed in the Debtor's schedules and classified by the Debtor as a secured claim in personal property.

    c.  Payment of Adequate Protection to a claimant who is not listed or treated in a plan shall be withheld from distribution and will not be paid until either treated in an amended plan or by order of the court, unless the debtor was not current in the debtor's contractual monthly payment obligation when the petition was filed [E.D.Mich. LBR 4001-6(a)(1)(C)].

2.  A Creditor who satisfies the above requirements shall accrue adequate protection payments to be disbursed by the Chapter 13 Trustee equal to 30% of the regular monthly pre-petition payment. Payments shall accrue the date of the order for relief until the date of confirmation, dismissal, or conversion. If the amount of funds on hand on the date of confirmation, dismissal, or conversion is insufficient to satisfy all claims entitled to adequate protection, funds will be distributed on a pro rata basis.

3.  Payment of Adequate Protection will be made by the Chapter 13 Trustee at the earlier of the time of the first disbursement following the date originally set for confirmation or the occurrence of dismissal or conversion.

4.  All Adequate Protection Payments disbursed by the Chapter 13 Trustee shall be subject to the Trustee's statutory percentage fee, which will be at the time of the distribution of the Adequate Protection Payments.

**O.** **LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY [E.D. Mich. LBR 3015-1(b)(1)]:**

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY* | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| **PERSONAL RESIDENCE** | 510,000.00 | 859,733.34 | 20,000.00 | 9,955.85 | 10,044.15 |
| **VEHICLES** | 9,000.00 | 11,707.00 | 0.00 | 0.00 | 0.00 |
| **HHG/PERSONAL EFFECTS** | 7,270.00 | 0.00 | 7,270.00 | 7,270.00 | 0.00 |
| **JEWELRY** | 7,350.00 | 0.00 | 7,350.00 | 7,350.00 | 0.00 |
| **CASH/BANK ACCOUNTS** | 6,744.15 | 0.00 | 6,744.15 | 6,744.15 | 0.00 |
| **OTHER** | 213,300.87 | 0.00 | 213,300.87 | 166,033.51 | 47,267.36 |

*Debtor has partial interest in 3 properties. "Debtor's Share of Equity" column has been adjusted accordingly.

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                              Best Case Bankruptcy

Amount available upon liquidation ................................................................. $         57,311.51

Less administrative expenses and costs (11 USC 326) ............................................ $         6,115.58

Less cost of sale/liquidation expenses ........................................................... $         2,000.00

Less trustee professional fees ................................................................... $         5,000.00

Less priority claims ............................................................................ $       16,925.00

Amount Available in Chapter 7 ................................................................. $       27,270.93

| | |
|---|---|
| **/s/ Kimberly Bedigian (P54812)** | **/s/ Michael S. Wilson** |
| **Stevenson & Bullock, P.L.C.** | **Michael S. Wilson** |
| **Attorney for the debtors** | Debtor |
| | **/s/ Laureen Marie Wilson** |
| **26100 American Drive** | **Laureen Marie Wilson** |
| **Suite 500** | Joint Debtor |
| **Southfield, MI 48034** | |
| **(248)354-7906 Fax:(248)354-7907** | **January 29, 2010** |
| **kbedigian@sbplclaw.com** | Date |

**Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037**         **Best Case Bankruptcy**

# WORKSHEET

1. Length of Plan is _____ weeks; __**60**__ months; _____ years.

Debtor #1:

2. $ __**520.00**__ per pay period x _**(Monthly)** **60**__ pay periods per Plan = $ __**31,200.00**__ total per Plan

$ __**462.71**__ per month X __**50**__ months = $ __**23,135.50**__

$ __**300.00**__ per month X __**12**__ months = $ __**3,600.00**__

3. _____

4. Lump Sums (pre-confirmation payments): __**1,040.00**__

5. Equals total to be paid into the Plan __**58,975.50**__

6. Estimated trustee's fees __**4,860.94**__

7. Attorney fees and costs __**8,500.00**__

8. Total priority claims __**16,925.00**__

9. Total installment mortgage or
other long-term debt payments __**0.00**__

10. Total of arrearage
including interest __**0.00**__

11. Total secured claims,
including interest __**1,314.92**__

Total of items 6 through 11 $ __**31,600.86**__

12. Funds available for unsecured creditors (item 5 minus item 11) $ __**27,374.64**__

13. Total unsecured claims (if all file) $ __**unknown**__

14. Estimated percentage to unsecured creditors under Plan (item 12 divided by item 13) __**n/a**__

15. Estimated dividend to general unsecured creditors if
Chapter 7, (see liquidation analysis attached) $ __**27,270.93**__

COMMENTS:

**Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037**                                                                                                    **Best Case Bankruptcy**